[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Rad Nair, appeals the decision of the executive director of the defendant Commission on Human Rights and Opportunities ("CHRO"), to issue a release of jurisdiction pursuant to General Statutes §46a-101 (c) and dismissing an affidavit of illegal discriminatory practice ("complaint") filed by Petrina Hahn against the plaintiff For the reasons set forth below, the court finds the issuances in favor of the defendant.
The record sets forth the following relevant facts and procedural history. On or about December 5, 1999, Petrina Hahn filed a complaint with the CHRO against Nair and her employer, Allstate Insurance Company, claiming that she was discriminated against on the basis of her sex (female) and constructively discharged from employment. (Return of Record ("ROR"), Item 22.) Hahn alleged in her complaint that she was physically attacked by the Nair on two occasions, first in June of 1997 and then again in August of 1997. According to Hahn, she made a statement to the Windsor police department describing the incidents. Hahn claimed that these incidents of sexual harassment made it impossible for her to return to work; thereby, constructively discharging her from employment. (ROR, Item 22.) CT Page 11086
In accordance with General Statutes § 46a-83, Hahn's complaint was investigated and a finding of reasonable cause was made by the CHRO. Her complaint was certified to a public hearing on February 10. 1999. (ROR, Item 23.) As required by General Statutes § 46a-84 (a), the CHRO notified the attorney general of the results of the investigation on February 23, 1999. (ROR, Item 19.)
The CHRO notified the parties that a public hearing conference was scheduled for March 17, 1999. As stated in the notice, the purpose of the conference was to narrow the issues, explore settlement possibilities, determine discovery needs, and address related issues. The notice further stated that no evidence or testimony would be taken at the hearing conference. (ROR, Item 17.)
On March 10, 1999, the plaintiff and Allstate filed answers with the CHRO. (ROR, Items 14 and 15.) On March 17, 1999, the hearing conference was held and on March 18, 1999, a CHRO human rights referee filed a conference summary and order. (ROR, Item 13.) A settlement conference was scheduled before another human rights referee for April 28, 1999, discovery was to be completed in October 1999, and a final prehearing conference was scheduled for November 3, 1999. The date of public hearing would be set at the final prehearing conference. (ROR, Item 13.)
By letter dated April 27, 1999, Hahn requested a release of jurisdiction from the CHRO's executive director under General Statutes § 46a-101 (a) in order to commence a civil action in the Superior Court. (ROR, Item 10.) Under General Statutes § 46a-100, "any person who has timely filed a complaint with [CHRO] . . . and who has obtained a release from the commission . . . may also bring an action in the superior court." According to General Statutes § 46a-101 (c), "[t]he executive director of the [CHRO] shall grant a release, allowing the complainant to bring a civil action . . . except that if a case is scheduled for public hearing, the executive director may decline to issue a release."
Hahn followed up the request for a release of jurisdiction by filing with CHRO a motion to cancel proceedings. (ROR, Item 12.) In response, Nair countered with a motion in opposition to cancel the settlement meeting and all proceedings. (ROR, Item 11.) Nair also wrote to the CHRO's executive director objecting to the release of jurisdiction. (ROR, Item 8.) The CHRO filed a response to Nair's objection dated April 30, 1999. (ROR, Item 5.) Nair then filed a reply to CHRO's response dated May 4, 1999. (ROR, Item 4.)
Based on Hahn's request for a release of jurisdiction, the human rights CT Page 11087 referee in charge of the settlement conference canceled the conference on April 28, 1999. (ROR, Items 6 and 9.) The CHRO's executive director issued the release on May 12, 1999. (ROR, Item 3.) In light of the release, the CHRO moved to dismiss the pending case before the agency under General Statutes § 46a-101 (d). The motion to dismiss was granted on June 4, 1999. (ROR, Items 2 and 3.) Notice of the dismissal was sent to the parties by certified mail on June 7, 1999. (ROR, Item 1.)[1]
Nair, the respondent in the underlying CHRO action, has appealed to this court challenging the CHRO's release of jurisdiction and granting of the motion to dismiss based on the release of jurisdiction. In his appeal, the plaintiff claims that these actions by the CHRO were in violation of statutory provisions; in excess of the statutory authority of the agency; made upon unlawful procedure; and arbitrary, capricious or in abuse of discretion.
Before the court can address the merits of the plaintiff's appeal, the court must determine the following jurisdictional issues: whether the plaintiff has appealed from a final decision of any administrative agency as required by General Statutes § 4-183 (a) of the Uniform Administrative Procedure Act ("UAPA"); and whether the plaintiff is statutorily aggrieved under General Statutes § 4-183 (a) of the "UAPA". For the reasons set forth below, the court finds that it is without subject matter jurisdiction to hear the plaintiff's case.
"There is no absolute right to appeal to the courts from a decision of an administrative agency. . . . The UAPA grants the Superior Court jurisdiction over appeals of the agency decisions only in certain limited and well delineated circumstances." (Citations omitted; internal quotation marks omitted.) Lewis Gaming Policy Board, 224 Conn. 693,699-700 (1993).
Section 4-183 (a) of the UAPA provides the right to an administrative appeal to "[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision." General Statutes 4-166 (3)(a) defines "final decision" as "the agency determination in a contested case." General Statutes § 4-166 (2) defines "contested case" as "a proceeding . . . in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing was in fact held . . .
Under the UAPA, General Statutes § 4-183. the superior court lacks jurisdiction to hear an administrative appeal in the absence of a statutory provision requiring the agency to provided an opportunity for a hearing to determine a party's legal rights, duty or privileges. SummitCT Page 11088Hydropower Partnership v. Commissioner of Environmental Protection,226 Conn. 792 (1993).
General Statutes § 46a-101 (b) provides: "The complaint and the respondent . . . may request that the complainant receive a release from the commission at any time from the date of filing the complaint until the expiration of two hundred ten days from the date of filing of the complaint. The complaint . . . may request a release from the commission if his complaint with the commission is still pending after the expiration of two hundred ten days from the date of filing." According to subsection (c) of that statute. "[t]he executive director of the [CHRO] shall grant a release, allowing the complainant to bring a civil action . . . except that if a case is scheduled for public hearing, the executive director may decline to issue a release."
Clearly, the statutory provisions do not contain a requirement for a hearing prior to the issue of a release of jurisdiction. Accordingly, the plaintiff's appeal to this court from the executive director's release of May 12, 1999 does not involve a contested case and, therefore, is not a final decision for purposes of the UAPA.
The plaintiff also appeals from the dismissal of the underlying complaint by CHRO under General Statutes § 46a-101(d). (Plaintiff's Complaint, ¶ 13.) That statute provides: "Upon granting a release, the commission shall dismiss or otherwise administratively dispose of the discriminatory practice complaint pending with the commission. . . ." Accordingly to the plaintiff, the dismissal is a final order under §46a-94a(a) and appealable under the provisions of the UAPA. General Statutes § 46a-94a(a) provides in part as follows: "[A]ny respondent . . . aggrieved by a final order of a presiding officer . . . may appeal therefrom in accordance with section 4-183." In response, the CHRO argues that the phrase "final order" pertains only decisions made by the presiding officer after hearing under General Statutes § 46a-86 and not to dismissals by the commission under § 46a-101(d).
The court agrees with the CHRO's. Here, the dismissal was granted under the provisions of § 46a-101(d), which does not provide for a hearing to determine a party's legal rights, duties or privileges. Accordingly, the dismissal by the CHRO is not a final decision appealable under General Statutes § 4-183.
At oral argument, the court raised, sua sponte, whether the plaintiffs was statutorily aggrieved under General Statutes § 4-183 (a) of the UAPA. Because the court's ruling as to lack of a final decision is dispositive, the court will not address this additional jurisdictional ground. CT Page 11089
For the reasons set forth above, the plaintiff's appeal is dismissed for lack of jurisdiction.
Henry S. Cohn, Judge